UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. ____ |
| | § | |
| 2016 Cadillac SRX, and | § | |
| | § | |
| 2012 Cadillac CTS, | § | |
| Defendants. | § | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture *in rem* against a 2016 Cadillac SRX with vehicle identification number 3GYFNEE38GS501534, and a 2012 Cadillac CTS with vehicle identification number 1G6DJ5E33C0111499 and alleges upon information and belief the following:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b), 1391(b)(2), and 1395. Acts and omissions giving rise to the forfeiture occurred in the Southern District of Texas, and the victim financial institution operates in Houston, Texas.

## DEFENDANT PROPERTIES SUBJECT TO FORFEITURE

3. The First Defendant Property is a 2016 Cadillac SRX with vehicle identification number 3GYFNEE38GS501534 registered to an individual with initials LL, a known associate of Jase GAUTREAUX.

4. The Second Defendant Property is a 2012 Cadillac CTS with vehicle identification number 1G6DJ5E33C0111499 registered to an individual with initials RJC, a known associate of Jase GAUTREAUX.

5. The United States alleges that the two vehicles described above (collectively, the "Defendant Properties") constitute or are derived from proceeds traceable to bank fraud.

## STATUTORY BASIS AND NATURE OF ACTION

6. This civil action *in rem* is brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)). Title 18 U.S.C. § 1344 (bank fraud) is "specified unlawful activity" pursuant to 18 U.S.C. §1956(c)(7).

## FACTS

7. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by

2

the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, up to $310 billion in additional PPP funding was authorized by Congress.

8. The PPP is overseen by the Small Business Administration ("SBA"). Individual PPP loans, however, are issued by private approved lenders (most commonly, banks and credit unions), who receive and process PPP applications and supporting documentation, and then make loans using their own funds. To date, over 4,900 lending institutions have participated in the PPP.

9. Jase GAUTREAUX is a resident of Houston, Texas. Open-source research indicates that he is a funeral director at Wingate Funeral Home, which operates from a storefront on Almeda Road.

10. Bank 1 is a federally insured financial institution at which GAUTREAUX held a business account for Wingate Funeral Service Group. Bank 1 is also an approved SBA lender and has participated as a lender in the PPP. Bank 1 received a PPP loan application on behalf of "Wingate Funeral Service Group."

11. GAUTREAUX sought and received a PPP loan on behalf of Wingate Funeral Home ("Wingate") for $130,800 from Bank 1 ("Bank 1 PPP Application"). Although Wingate is an actual entity, the loan application GAUTREAUX submitted contains multiple material false statements.

12. First, GAUTREAUX listed Wingate's total number of employees as 10. Records from the Texas Workforce Commission indicate no employment records for Wingate.

13. Second, GAUTREAUX stated on the loan application that Wingate was established in December 2018, but records from the Texas Comptroller's office show that Wingate was not registered to do business until November 21, 2019.

14. Third, a purported tax form submitted in support of the application stated that Wingate paid $869,500 in wages in 2019. But records indicate that it would not have been possible for Wingate to have paid such a high amount in wages in 2019. A second supporting document lists Wingate's employees and their hourly rate. Based on that document, and assuming it to be true, Wingate has five employees who earn wages ranging from $37 to $180 per hour. If all five of these employees were working at the listed rate, it would take them 1967 hours to earn $869,500 in pay. But from the date of Wingate's founding on November 21 to the end of 2019, there were only 41 days—or 984 hours—left in 2019. So even if all five employees worked every single hour from the date the business opened until the end of the year, they would still get only halfway to the claimed $869,500 annual wage amount. Thus, the wages listed in the application appear to be false.

15. The Bank 1 PPP loan was approved and funded. On or about May 11, 2020, Gautreaux's Bank 1 account in the name of "Jase DePaul Gautreaux DBA Wingate Funeral Service Group" received a deposit of $130,800 for a PPP loan originating at Bank 1.

16. On May 8, 2020, prior to receiving funds from said PPP loan, the Bank 1 account controlled by GAUTREAUX had a balance of only $4,157.25.

17. On or about May 11, 2020, the same day the loan funded, two checks were written on the Bank 1 account controlled by GAUTREAUX. Both of these checks were payable to "Auto One USA." Auto One USA is a used car dealer in Stafford, Texas, just southwest of Houston.

18. The first of these checks is written in the amount of $14,200 and includes the letters "SRX" written on the "for" line, indicating the check to Auto One USA was for the First Defendant Property.

19. The second check is written in the amount of $10,300 and includes the letters "CTS" written on the "for" line, indicating the check to Auto One USA was for the Second Defendant Property.

20. Both checks appear to have been signed by the individual with the initials LL. Investigation indicates that LL works with GAUTREAUX at Wingate Funeral Home.

21. In late May 2020, investigators observed the First Defendant Property—the 2016 Cadillac SRX—parked at Wingate Funeral Home. Investigators also saw LL driving the vehicle. At the time, the vehicle had temporary license plates.

22. Vehicle registration records revealed that the previous owner of the First Defendant Property was Auto One USA in Stafford, Texas. Records further reveal that the title for the First Defendant Property was assigned to LL on May 11, 2020—the same day that the check with the "SRX" notation was signed by LL.

23. Also in late May 2020, investigators observed GAUTREAUX driving the Second Defendant Property—the 2012 Cadillac CTS. Investigators further saw this vehicle parked at Wingate Funeral Home and at GAUTREAUX's residence.

24. Vehicle registration records revealed that the Second Defendant Property is registered to RJC at GAUTREAUX'S residence address. Vehicle registration records also note that the previous owner of the Second Defendant Property was Auto One USA. Records further reveal that the title for the Second Defendant Property was assigned to RJC on May 11, 2020—the same day that the check with the "CTS" notation was signed by LL.

## CONCLUSION

25. Under the totality of the circumstances, the United States alleges that the two Defendant Properties were purchased with the proceeds of a fraudulent loan and are therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Properties subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, 800 N. Shoreline Blvd., Suite 500, Corpus Christi, Texas 78401.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any person who reasonably appears to be a potential claimant in this matter. The United States

seeks a final judgment forfeiting the Defendant Properties to the United States and any other relief to which it may be entitled.

          Respectfully submitted,

          RYAN K. PATRICK
          United States Attorney

By: _____

          YIFEI ZHENG
          Assistant United States Attorney
          Southern District of Texas No: 3328108
          New York State Bar No: 5424957
          800 N. Shoreline Blvd., Suite 500
          Corpus Christi, Texas 78401
          Tel. (361) 888-3111
          Fax (361) 888-3200

## Verification

I, Kyle Shadowens, a Postal Inspector with the United States Postal Inspection Service, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 - 5 and 7 - 25 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the 8th day of December 2020.

_____
Kyle Shadowens, Postal Inspector
United States Postal Inspection Service